

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VICKI PIONTEK
951 Allentown Road
Lansdale, PA 19446
Vs.                          Plaintiff
Zwicker and Associates
80 Minuteman Road
Andover, MA 01810.
and
Paul W. Zwicker
80 Minuteman Road
Andover, MA 01810
                             Defendants

09 CA 10164 NMG

MAGISTRATE JUDGE _____

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. 1692k(d), 28 U.S.C. 1337. Declaratory rgelief is available pursuant to 28 U.S.C 2201 and 2202. Venue in this District is proper in that the defendants transact business here and a substantial portion of the conduct complained of occurred in this federal district.

## PARTIES

3. Plaintiff is Vicki Piontek, an adult individual, with an address including but not limited to 951 Allentown Road, Lansdale, PA 19446.

4. Defendants are the following.

   a. Zwicker and Associates, a law firm engaged in collection of consumer accounts with an address of 80 Minuteman Road, Andover, MA 01810.

   b. Paul W. Zwicker, an adult individual engaged in the collection of consumer accounts with a business address of 80 Minuteman Road, Andover, MA 01810.

**COUNT ONE: Violation of Fair Debt Collection Practices Act, 15 USC 1592 et. Seq.**

5. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

6. Defendants are debt collectors as defined by the FDCPA, 15 USC 1692 et. seq.

7. At all times mentioned herein, Defendants were attempting to collect on an alleged consumer debt against Plaintiff.

8. At all times mentioned herein, Defendants were acting jointly and in concert.

9. At all times mentioned herein, Defendants are liable and responsible for the acts of their agents mentioned herein under the theory of respondeat superior.

10. On or about 11-19-09, Defendants caused a telephone message to be left on Plaintiff's answering machine referring wherein Defendants collection representative referred to himself as a "case manager."

11. On or about 12-10-09, Defendants also caused a telephone message to be left on Plaintiff's answering machine referring wherein another collection representative of Defendants' referred to himself as a "case manager."

12. By referring to themselves as "case managers," Defendants' agents threatened or implied that legal action had been brought on Plaintiff's account when in fact no such action had been brought and there was no "case."

13. On or about 12/31/2008, Defendants caused a collection letter to be mailed to Plaintiff from one Michelle Gorman wherein Ms. Gorman referred to herself as a "litigation paralegal."

14. By referring to herself as a litigation paralegal, Ms. Gorman implied that legal action had been authorized by the original creditor at the time that the December 12, 2008 letter was sent by Defendants to Plaintiff.

15. It is believed and averred that litigation has not been authorized by the client at the time that the December 12, 2008 letter was sent by Defendants to Plaintiff.

16. By referring to herself as a litigation paralegal, Ms. Gorman implied that the account had been reviewed by an attorney and that an attorney recommended legal action and had a bona fide intent to bring such legal action at the time of the December 12, 2008 letter was sent by Defendants to Plaintiff.

17. It is believed and averred that an attorney had not reviewed the file, nor did any attorney have a bona fide intent to bring legal action on the matter at the time that the December 12, 2008 letter was sent by Defendants to Plaintiff.

18. Prior to sending the 12-21-08 letter, Defendants had been duly notified that Plaintiff was represented by an attorney in a letter dated 12-16-08.

19. Prior to sending the 12-21-08 letter, Defendants had been told by Plaintiff to cease communication with Plaintiff and to contact Plaintiff only through her attorney.

20. Defendants chose to ignore Plaintiff's letter dated 12-16-08, bypassed Plaintiff's attorney and contacted Defendant directly in a letter dated 12-31-08 in the aforementioned letter written by Ms. Gorman.

**COUNT TWO: VIOLATION OF Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.**

21. Plaintiff is a consumer debtor as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

22. Defendant is a debt collector as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

23. Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. prohibit any unlawful attempt to collect a consumer debt.

24. The aforementioned misconduct by Defendant is also a violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. because it was an unlawful attempt to collect a consumer debt. A violation of the FDCAP would also be a per se violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

25. $1.00 actual damages at least for postage, phone service, fax service, stationary, etc.

26. $1,000.00 statutory damages under the FDCPA, 15 USC 1692k.

27. $100.00 statutory damages under PA Unfair Trade and Consumer Protection Law.

28. Attorney fees of $250.00 at a rate of $250.00 per hour for at least one hour. Services include but not limited to correspondence with Defendant, evidence compilation, drafting of complaint, document processing.

29. Plaintiff's attorney fees continue to accrue as the case move forward.

30. Plaintiff suffered some emotional distress including worry and anger as a result of Defendant's illegal conduct which can reasonably be assessed at $1,500.00.

31. Plaintiff(s) demand(s) punitive damages against Defendant in the amount of $10,000.00 because the acts committed by Defendant were willful, wanton and intentional.

## JURY TRIAL

32. A jury trial is specifically requested / demanded in this matter.

## OTHER RELIEF

33. Plaintiff also seeks an injunction against further unlawful collection activity.

34. Plaintiff seeks declaratory relief barring Defendants from contacting her directly when Defendants know that Plaintiff is represented by an attorney.

35. Plaintiff seeks such other relief as this honorable Court may deem just and proper.

Wherefore, plaintiff demands judgment against defendants in the amount of $12,851.00. (actual damages, statutory damages, attorney fees, punitive damages and emotional distress). Plaintiff also seeks declaratory and injunctive relief, and such other relief as this Honorable Court may deem appropriate.

_____   1/27/09
Vicki Piontek          Date
Pro Se
951 Allentown Road
Lansdale, PA  19446
717-533-7472